UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

EDGAR VALENCIA and all others similarly )
situated under 29 U.S.C. 216(b),         )
                                          )
            Plaintiff,                    )
    vs.                                   )
                                          )
DOCTOR'S MEDICAL CENTER, INC.,            )
VENTURA DE PAZ                            )
                                          )
            Defendants.                   )
_____ )

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, EDGAR VALENCIA, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, DOCTOR'S MEDICAL CENTER, INC., and VENTURA DE PAZ, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant DOCTOR'S MEDICAL CENTER, INC., is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant VENTURA DE PAZ is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's

work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff worked for Defendants as a patient transport driver from on or about October 5, 2014 through on or about September 30, 2016.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants

affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013, 2014, 2015, and 2016.

13. 29 USC 203(s)(1)(B) also states that an enterprise is engaged in commerce or in the production of goods for commerce when "an enterprise that is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit)."

14. Between the period of on or about October 5, 2014 through on or about September 30, 2016, Plaintiff worked an average of 12.5 hours while off the clock and was never paid anything at all for those off-clock hours for an average of 12.5 hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff was occasionally paid overtime for work done while on the clock, but part of his duties were to coordinate the following days pick-ups/drop-offs; Plaintiff did so at his own home, while off-the clock. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week. Defendant knew of said off-clock work, as Plaintiff and all other similarly situated drivers, were required to work off-clock by Defendants.

15. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For
Plaintiff 300 71st
Street, Suite 605
Miami Beach,
Florida 33141 Tel:
(305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
  Florida Bar Number: 0010121